**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUSTIN JAMES HINZO

   Petitioner,

v.              Civ. 6-391 MV/SCY

GERMAN FRANCO, Warden,
and HECTOR H. BALDERAS, New Mexico
Attorney General,

   Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

   THIS MATTER is before the Court on Petitioner's Rule 60(b)(6) Motion for Relief from

Final Judgment. *Doc. 81.* I find that Petitioner's motion is not well-taken, and I recommend

denying it.

**I.**  **PROCEDURAL BACKGROUND**

   Petitioner filed his original motion pursuant to 28 U.S.C. § 2254 in May, 2006.  *See doc.*

*1.*  He sought relief on three grounds: (1) violation of his Fifth Amendment right against self-

incrimination, (2) violation of his due process right to a preliminary hearing, and (3) ineffective

assistance of counsel. *Id.*  On February 13, 2009, the magistrate judge issued a Proposed

Findings and Recommended Disposition ("PFRD")  in which he recommended dismissing the

Petition.  *Doc. 53.*  On the first page of the PFRD there is a footnote that reads:

> Within ten (10) days after a party is served with a copy of these findings
> and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1),
> file written objections to such findings and recommendations. A party
> must file any objections with the Clerk of the U.S. District Court within
> the ten-day period allowed if that party wants to have appellate review of
> the findings and recommendations. If no objections are filed, no appellate
> review will be allowed.

*Id.* at 1 n.1.  Petitioner did not file objections within the ten days or at any point prior to the District Court adopting the PFRD on March 31, 2009.  *Doc. 57.*

Between April 7, 2009 and June 26, 2009, Petitioner filed four motions stating his objections to the magistrate judge's findings and requesting the Court consider his objections to the PFRD.  *Docs. 59, 60, 61, 69.*  As grounds for these motions, he stated he had been unaware that he could file objections to the PFRD until the Court issued its final ruling. *Id.*  The Court ultimately denied these motions on the grounds that the PFRD had provided notice of the objection period, but also explicitly stated that it had "reviewed [Petitioner's] objections and [found] them unpersuasive."  *Doc. 72* at 1-2.[1]

Petitioner also filed an appeal with the Tenth Circuit which was held in abeyance pending the District Court's ruling on his motions to reconsider.  *Docs. 62, 74, 75, 76.*  On January 25, 2010, the appellate court denied Petitioner's request for a certificate of appealability and dismissed the appeal, holding that Petitioner was subject to the "firm waiver rule" with regard to his untimely objections. *Doc. 77* Ex. 1 at 3.  In its ruling, the appellate court also stated that it had "reviewed the entire record and agree[d] with the magistrate judge that Hinzo ha[d] not raised any cognizable constitutional violation." *Id.* Ex. 1 at 5.  Petitioner did not file for a rehearing or review of that decision.

Instead, some five years later, Petitioner filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6) on February 18, 2015.  *Doc. 81.*

## II.  ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) is the catch-all provision of Rule 60(b), allowing for relief from a final judgment based on "any reason that justifies relief."  Petitioner's

---

[1] Petitioner filed a fifth motion for reconsideration on July 14, 2009 that the Court denied as duplicative of his four prior motions after the Tenth Circuit denied Petitioner's request for a certificate of appealability.  *See docs. 71, 78.*

motion attacks the  ten-day deadline for filing objections to the PFRD, contending both that the footnote in the PFRD that gave notice of the deadline was not sufficiently obvious and, in any case, a ten-day objection period is unconstitutionally brief and deprived Petitioner of his Fourteenth Amendment right to due process when his objections were barred as untimely.  *See generally doc. 81.*

As an initial matter, motions brought under Rule 60(b) that address a final decision on a federal habeas petition must be carefully examined to ensure that they are not simply end-runs around the bar on second and successive petitions.  *Gonzalez v. Crosby*, 545 U.S. 524, 528-531 (2005)(explaining when a Rule 60(b) motion may actually be, in substance, a successive petition).  Here, I am satisfied that Petitioner's motion is not a successive petition, as it does not address the merits of the Court's prior decision, but instead identifies an alleged "defect in the integrity of the federal habeas proceeding," namely the failure of the district and appellate courts to consider his untimely filed objections.  *Id.* at 532.

I next turn to the issue of timeliness.  Rule 60(6) provides that motions under Rule 60(b)(6) be brought "within  a reasonable time." Where a party has delayed bringing the motion, such delay must be sufficiently justified. *See, e.g., Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004). According to his prior motions, and his affidavit attached to the instant motion, Petitioner was aware of the ten day objection period in 2009.  *See doc. 81*, Ex. 1 ¶¶ 7-10.  Therefore, the argument that the ten day period was unfairly short could easily have been made at that time.  While Petitioner's affidavit states that he has been in solitary confinement for seven years and has limited access to both the prison mail system and legal materials, Petitioner's prolific filings from the time in question indicate that he did have reasonable access to the Court.  *Id.* ¶¶ 1-5.  It is unlikely, based on these facts, that Petitioner's

current motion, filed five years later, could be considered timely.  *See, e.g., Sorbo v. United*

*Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005)(affirming the lower court's finding that an

unexplained one-year delay between judgment and a Rule 60(b) motion was unreasonable).

Even if Petitioner's motion could be considered timely, the purpose of Rule 60(b)(6) is to

correct miscarriages of justice. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.

1996); *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007).  "[R]elief under Rule

60(b)(6). . .requires a showing of extraordinary circumstances." *Gonzalez*, 545 U.S. at 536.

Petitioner cannot point to any manifest injustice or extraordinary circumstance here.  To the

contrary, a review of the record shows that while both this Court, and the Tenth Circuit, relied, in

part, on Petitioner's untimeliness to reject his petition, both courts also affirmatively stated that

they had reviewed his objections and found them non-meritorious.  Thus, while each court relied

on a procedural bar, they also considered the merits of Petitioner's arguments and rejected them.

Petitioner cannot demonstrate that he suffered any real prejudice from the untimely filing of his

objections, much less that the final judgment in this case is clearly inequitable.  His motion

should therefore be denied.

### III.   CONCLUSION

For the forgoing reasons, I find that Petitioner's  Rule 60(b)(6) Motion for Relief from

Final Judgment lacks merit and should be denied.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**